IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Way, ) | C/A No.:1:10-1134-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Eugene Way, brought this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits (DIB).

## **Scope of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported

1

by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

The plaintiff filed his current application for DIB in December of 2004.  He later (through counsel) amended his onset date to March 17, 2005. He alleged disability due to cervical degenerative disc disease.  His application was denied initially and upon reconsideration.  The plaintiff then requested a hearing before an administrative law judge (ALJ) which was held on September 15, 2008. The Magistrate Judge summarizes the procedural history as follows at page 2 of the Report:

> At that hearing, the ALJ noted that the medical information in the record was at least two years old and informed Plaintiff that he planned to order a new consultative evaluation. Tr. at 45. The ALJ informed counsel that Plaintiff would receive notice of the consultative examination and would have the opportunity to comment in a supplemental hearing if he chose. Tr. at 45. Chris Tountas, M.D. performed the consultative evaluation, and the ALJ sent a copy of Dr. Tountas's report to Plaintiff's counsel via letter dated December 3, 2008. Tr. at 163-64. In that letter, the ALJ indicated that Plaintiff could request a supplemental hearing within ten days of receiving the letter. Tr. at 163. The ALJ's letter indicated that he would grant a request for a supplemental hearing "unless [he]receive[d] additional records that support[ed] a fully favorable decision [for Plaintiff]." Tr at 163. In a letter dated December 11, 2008, Plaintiff's then-counsel timely requested a supplemental hearing. Tr. at 167. Neither the ALJ nor anyone on the Commissioner's behalf contacted Plaintiff or his counsel regarding Plaintiff's request for a supplemental hearing. The ALJ issued an unfavorable decision on January 14, 2009, finding that Plaintiff was not disabled within the meaning of the Act. Tr. at 16-24. Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 14. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's

2

decision in a Complaint filed on May 4, 2010.

The ALJ found that the plaintiff does not have a disability under the Act because he has the residual functional capacity to perform sedentary work. The ALJ made the following findings in this case:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2009.
2. The claimant has not engaged in substantial gainful activity since March 17, 2005, the amended onset date (20 CFR 404.1571 *et seq.*).
3. The claimant has the following severe impairment: cervical degenerative disc disease (20 CFR 404.1521 *et seq.*).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). Sedentary work activity includes lifting and carrying no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools; sitting for 6 hours in an 8-hour workday and standing/walking for 2 hours in an 8-hour workday.
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
7. The claimant was born on June 12, 1964 and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).
8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferrable job skills (See SSR 82 41 and 20 CFR Part 404, Subpart P, Appendix 2).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).
11. The claimant has not been under a disability, as defined in the Social Security Act, from March 17, 2005 through the date of this decision (20 CFR 404.1520(g)).

**Facts**

The plaintiff was 40 (forty) years old on the alleged onset date. He has a high school education and has prior relevant work experience as a crane operator.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States Magistrate Judge Shiva V. Hodges. On March 21, 2011, Magistrate Judge Hodges filed a Report and Recommendation ("the Report") recommending that the decision of the Commissioner be reversed and the case be remanded and that the ALJ be "required to permit Plaintiff to respond to Dr. Tountas's report, which may include presentation of the new opinion of Dr. Nolan." (R&R, p. 24).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## Objections

The defendant filed objections to the Report on April 1, 2011, alleging that Plaintiff has failed to show that he was harmed by the ALJ not conducting a supplemental hearing. Defendant also contends that the ALJ thoroughly discussed the opinion of Dr. Tountas and "ultimately imposed more restrictions upon Plaintiff's exertional abilities than Dr. Tountas did." (Objections, p. 2). He further contends that the additional evidence concerned a matter reserved to the Commissioner and that submission of Dr. Nolan's report would not have affected the outcome of the proceeding.

## Analysis

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An

examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. 20 C.F.R. §404.1503(a). If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled under the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983).

Once the claimant establishes an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden by demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. English v. Shalala, 10 F.3d 1080 (4th Cir. 1993).

**Need for Supplemental Hearing**

The plaintiff contends, and the Magistrate Judge agrees, that the court cannot properly perform its statutory function on the basis of the current record . "[E]ven though the record as it is presented to the court may contain substantial evidence to support the Secretary's decision, the court may still exercise its power to remand for the taking of additional evidence." Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981). The Court agrees and finds that the plaintiff should be afforded the opportunity to respond to the report of Dr. Tountas, including presentation of the January 2009 opinion of Dr. Nolan. The court cannot speculate as to what the ALJ may find once it reviews the plaintiff's response, including the opinion of Dr. Nolan.[1] Basic due process is necessary in this instance, expecially when the ALJ indicated he would grant a request for a supplemental hearing.

**CONCLUSION**

Under 42 U.S.C. §405(g), this Court may affirm, modify, or reverse the Commissioner with or without remanding the case for further proceedings. For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference. Accordingly, this Court reverses the case under sentence four of 42 U.S.C. §405(g) and remands the case to the Commissioner for further proceedings consistent with this order.

**IT IS SO ORDERED**

                                                                s/ R. Bryan Harwell  
                                                                R. Bryan Harwell  
                                                                 United States District Judge

April 27, 2011  
Florence, South Carolina

---

[1] It is not necessary to hold a decision in this case in abeyance pending a ruling by the Fourth Circuit on the issue whether the Appeals Council must state reasons for rejecting new evidence.