IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eugene B. Way, III, | ) | Civil Action No. 1:10-cv-01134-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On July 26, 2011, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified.  Defendant filed a response on August 10, 2011,  indicating that he opposes the plaintiff's request for fees on the basis that the defendant's position was substantially justified in the case.  Plaintiff filed a Reply on August 15, 2011.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The government bears the burden of showing substantial justification.  Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992).  The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap.  Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether

there was some evidence to support the position.  Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts.  After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees.  However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

The defendant contends that its position was substantially justified because reasonable minds could differ regarding whether the requirements of the Hearing, Appeals, and Litigation Law Manual (HALLEX) are binding.  The claimant counters that the pertinent issue is not whether HALLEX is binding but whether "the defendant's litigation position in this case, first in sanctioning the ALJ's denial of a forum he had promised Plaintiff for an opportunity to rebut post-hearing evidence the ALJ himself had procured, then in sanctioning the Appeals Council's later perfunctory dismissal of that rebuttal evidence without explanation, is a position 'justified to a degree that could satisfy a reasonable person' within the meaning of Pierce."  (ECF No. 28, p. 3).

This court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate.  This Court adopted the Report of the Magistrate Judge, reversed the Commissioner's decision, and remanded the case for the ALJ to allow the claimant to respond to the report of Dr. Tountas, which may include presentation of the new opinion of Dr. Nolan.  The Court found under the circumstances of the case that due process required such.

On the basis of the above, the Court finds the position of the government was not substantially justified and that the plaintiff should be awarded attorney's fees pursuant to EAJA.  After consideration of the briefs and affidavits submitted, the court overrules the defendant's response to the plaintiff's

2

motion for attorney's fees.  The court so Orders the defendant to pay plaintiff the sum of $4455.00 in

attorney's fees representing 27 hours of attorney time at the rate of $165.00 per hour. However, the

check should be made payable to the plaintiff and mailed to the attorney, with notice of this mailing

being sent to the plaintiff.[1]

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 12, 2012
Florence, South Carolina

---

[1] See Astrue v. Ratliff, 130 S.Ct. 2521, 2528-29 (2010).

3